**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUCKENS SANON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, ACTING DIRECTOR** | : | |
| **JOHN E. RIFE, SECRETARY** | : | |
| **MARKWAYNE MULLIN, Acting** | : | |
| **Attorney General TODD BLANCHE,** | : | |
| **U.S. DEPARTMENT OF HOMELAND** | : | |
| **SECURITY, EXECUTIVE OFFICE FOR** | : | |
| **IMMIGRATION REVIEW** | : | **NO. 26-7866** |

**ORDER**

**NOW**, this 16th day of October, 2026, upon consideration of petitioner Luckens Sanon's Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1. Sanon is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Sanon from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **12:00 P.M. E.T.**, on **October 17, 2026**.

3. The government shall return all personal belongings confiscated from Sanon upon his detention, including identification documents.

4. The government is temporarily enjoined from re-detaining Sanon for seven days following his release from custody.

5. If the government pursues re-detention of Sanon, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6. The government shall not remove, transfer, or otherwise facilitate the removal of Sanon from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7. If the immigration judge determines Sanon is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Sanon if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Sanon, a native of Haiti, entered the United States in 2023 and was granted humanitarian parole under 8 U.S.C. § 1182(d)(5). *See* Verified Pet. for Writ of Habeas Corpus ["Pet."] ¶ 2, ECF No. 1. He has since resided in Philadelphia, Pennsylvania. *Id.* After marrying a U.S. citizen, he applied to adjust his status to Lawful Permanent Resident. *Id.* ¶ 2. That application remains pending. *Id.*

Under the conditions of his parole, Sanon's authorization to remain in the U.S. expired on June 13, 2025. *See* Response to Pet. for Writ of Habeas Corpus ["Gov't's Opp'n"] 1, ECF No. 4. On October 8, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Sanon pursuant to an I-200 Warrant for Arrest issued on September 28, 2026. *Id.* at 1–2. He was issued a notice to appear before an immigration judge later this month "to show why [he] should not be removed from the United States[.]" *Id.*; *see also* Notice to Appear (attached to Gov't's Opp'n) at 1. Since his arrest, Sanon has been detained at the Federal Detention Center in Philadelphia. Pet. ¶ 3.

The government has denied Sanon the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk. *See id.* ¶ 97. It contends detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See* Gov't's Opp'n 1–3.

Section 1225(b) does not apply to individuals like Sanon, who are not actively trying to enter the country, but have been living here for an extended period. *See Buele Morocho v. Warden Phila. FDC*, 189 F.4th 287, 305 (3d Cir. 2026). The provision that applies to Sanon is 8 U.S.C. § 1226(a). That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d).